IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHOMAS T. WINSTON,

                 Plaintiff,

  v.                                              OPINION and ORDER

CRAIG TOM and KALVIN SCHWARTZ,                       23-cv-595-jdp

                 Defendants.

---

Plaintiff Shomas T. Winston, proceeding without counsel, is an inmate at Wisconsin Secure Program Facility (WSPF). Defendants Craig Tom and Kalvin Schwartz are employees at WSPF. Winston brings First Amendment retaliation claims against Tom and Schwartz based on separate acts of retaliation.

Schwartz moves for summary judgment on exhaustion grounds under the Prison Litigation Reform Act (PLRA). Dkt. 26. Schwartz contends that Winston failed to notify prison officials that Schwartz's removal of a tablet charger from Winston's cell was in retaliation for a prior inmate complaint. Dkt. 26. The undisputed evidence shows otherwise, so I will deny the motion.

BACKGROUND

In inmate complaint WSPF-2023-12032, Winston wrote that his issue was that Schwartz had taken his charger in violation of DOC policy. Dkt. 29-3 at 8. After explaining how Schwartz took the tablet charger, Winston wrote in parentheses: "I [recently] filed [an inmate complaint] mentioning [Schwartz] . . . which [the corrections complaint examiner later]

received." *Id.* The institution complaint examiner, R. Boyer, rejected the '12032 complaint as moot because Winston was to be provided with a replacement charger. *Id.* at 2.

Winston requested review of the rejection. *Id.* at 9. Winston wanted Boyer to find that Schwartz's "actions were the basis of an affirmed decision, to prevent [Schwartz's] doing [future] things on the [heels] of being [written] up." *Id.* The warden approved the rejection. *Id.* at 5.

In this case, Winston alleges that he told Schwartz that he had filed an inmate complaint in which he wrote that Schwartz wouldn't give him a job because of a lawsuit alleging the use of excessive force on his unit at WSPF. Dkt. 19 at 2. Winston adds that after he told Schwartz about that complaint, Schwartz retaliated against him by searching his cell and removing his charger in violation of prison policy. *Id.* at 2, 5.

## ANALYSIS

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). To satisfy this requirement, an inmate complaint must give the prison "notice of, and an opportunity to correct, a problem." *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020). In other words, the inmate complaint must "provide[] notice to the prison of the nature of the wrong for which redress is sought." *See id.* at 995.

The DOC maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. After the prisoner has sought to resolve his issue informally, he must file a complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. *See id.* § 310.07(1)–(2). The complaint must contain only one issue, and

2

the issue must be clearly identified. *See id.* § 310.07(5). "If the grievance concerns alleged retaliation, then at a minimum it must identify two things: the protected conduct that provoked the retaliation and the retaliatory act." *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017). Schwartz bears the burden to show that Winston failed to exhaust available administrative remedies. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013); *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

Schwartz has not met this burden. In the '12032 complaint, Winston wrote that his issue was that Schwartz took his charger, and he wrote in parentheses that he had recently filed an inmate complaint against Schwartz. Winston identified both the protected conduct (his inmate complaint about Schwartz) and the retaliatory act (the removal of his property). Schwartz says that the parenthetical reference to the earlier inmate complaint was too ambiguous for prison officials to realize that Winston was complaining that the removal of the property was retaliatory. Dkt. 37 at 3. If more information was necessary, Winston provided it in his appeal. He wrote that Schwartz had removed his property "on the heels" of being written up, which together with the allegations in the '12032 complaint was enough for prison officials to realize that Winston was complaining about retaliation.

No reasonable jurist could find that Winston's inmate complaint failed to notify prison officials of his federal retaliation claim against Schwartz, so I will deny the motion for summary judgment. I will lift the stay on the dispositive motions deadline, which will be reset by separate order.

Winston styled his opposition to Schwartz's motion for summary judgment as a separate motion. Winston didn't need to file a motion to oppose Schwartz's motion; his brief in opposition and declaration were enough.

3

ORDER

IT IS ORDERED that:

1. Defendant Kalvin Schwartz's motion for summary judgment on exhaustion grounds, Dkt. 26, is DENIED.

2. Plaintiff's motion in opposition, Dkt. 34, is DENIED as unnecessary.

Entered May 6, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge